UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CASEY,
     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
a foreign corporation,
EQUIFAX INFORMATION SERVICES, LLC,
a foreign corporation, and
NATIONSTAR MORTGAGE, LLC,
a foreign corporation,
jointly and severally,
     Defendants.
_____/

Case No 2:12-cv-10467
Hon. Patrick J. Duggan
Mag. Judge Mark A. Randon

## PLAINTIFF'S RESPONSE TO NATIONSTAR MORTGAGE, LLC'S MOTION TO ENFORCE SETTLEMENT

**NOW COMES** Plaintiff, Robert Casey, by and through his attorneys, Nitzkin & Associates, and for his Response to Nationstar Mortgage, LLC's Motion to Enforce Settlement, hereby respectfully requests that this Honorable Court deny the Motion for the reason that the Plaintiff and Nationstar Mortgage, LLC have not reached a settlement, as set forth more fully in the attached Brief in Opposition.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant's Motion and any other relief that is appropriate and just.

Respectfully submitted,

May 21, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

## Proof of Service

I, Gary Nitzkin hereby state that on ___5/22/2012___, I served a copy of the within pleading upon all counsel as their address appear of record via email using the court's CM/ECF system.

/s/ Gary Nitzkin

## PLAINTIFF'S BRIEF IN OPPOSITION TO NATIONSTAR MORTGAGE, LLC'S MOTION TO ENFORCE SETTLEMENT

### I. Plaintiff's Counter-Statement of Fact

On April 16, 2012, Plaintiff and Defendant Nationstar Mortgage, LLC (hereinafter "Nationstar") appeared to have agreed "to settle and dismiss this matter as to Nationstar for the sum of $9,000.00," and "anticipate[d] executing a written agreement memorializing their settlement." (Exhibit A).

Thereafter, Nationstar provided Plaintiff with a copy of the written settlement agreement referenced above containing a number of unbargained-for terms, to which Plaintiff objected; including provisions:

- requiring the Plaintiff to affirm that Nationstar fulfilled its credit reporting obligations (Exhibit B, p. 3);

- requiring the Plaintiff's counsel to certify that no other person is entitled to any attorneys' fees in connection with this case, and hold harmless and indemnify Nationstar for any such claims (Exhibit B, p. 3);

- requiring Plaintiff to hold harmless and indemnify Nationstar for any future claims for attorneys' fees related to this matter (Exhibit B, p. 3);

- granting Nationstar an immediate right of action against Plaintiff upon commencement of any action contrary to the agreement (Exhibit B, p. 4);

- binding the agreement on parties' heirs and successors (Exhibit B, p. 4); and

- requiring Plaintiff to give Defendant immediate notice of any legal proceeding in which a court is requested to order the disclosure of any matter covered by the agreement's confidentiality provision (Exhibit B, p. 3).

While Nationstar agreed to remove some of the written agreement's offending provisions, it simply refused remove others; prompting Plaintiff to break off the parties' settlement negotiations. (Exhibit C).

Nationstar now moves this Honorable Court for entry of an order enforcing the apparent settlement agreement, despite its own refusal to abide by the terms of that agreement.

## II. Argument

Nationstar's motion is without merit, utterly failing to even advise this Honorable Court as to the nature of the breakdown in the parties' settlement discussions. Nationstar's Motion makes no mention of the six-page settlement agreement, riddled with unbargained-for terms, which it insisted that both Plaintiff and counsel sign. (*See* Exhibit B and C). The breakdown in the parties' settlement discussions was the direct result of Nationstar's own refusal to abide by what Defendant itself characterizes as "an agreement to settle on the following material terms: (1) Nationstar will pay $9,000 to Plaintiff; and in exchange (2) Plaintiff will dismiss his lawsuit against Nationstar." (Docket # 23, p. 5). It is simply astounding that Nationstar would file the instant Motion seeking to compel Plaintiff to abide by the terms of an alleged settlement the Defendant itself refused to honor, while failing to even advised the Court as to details of the parties' disagreement.

Neither Plaintiff nor counsel agreed to any of the additional terms Nationstar included in the lengthy settlement agreement it prepared. (*See* Exhibit A). Specifically, Plaintiff did not agree to make any affirmations regarding Nationstar, hold harmless or indemnify Nationstar, take any future action regarding Nationstar, grant Nationstar any cause of action, or bind the parties' successors. (*See* Exhibits A, B and C). Nevertheless, Nationstar has insisted that

unbargained-for terms were part of the apparent settlement, and has refused to remove those terms from the settlement agreement it prepare.  Accordingly, it is clear that the parties did not reach a meeting of the minds concerning settlement, with each clearly assigning different meanings to what would appear to be straight-forward settlement terms.

### III. Conclusion

The parties failed to reach a meeting of the minds regarding what would appear to be straight-forward settlement terms.  While Plaintiff took these words on their face, Nationstar took them as requiring a six page document to memorialize, refusing to abide by the terms of the simple settlement discussed by the parties.  (Exhibits A, B and C).  It is clear that the parties did not reach a meeting of the minds concerning settlement; therefore, this Honorable Court should deny the instant Motion, and award Plaintiff his costs and fees, including attorney fees, incurred in having to respond to Nationstar's Motion.

Respectfully submitted,

May 21, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

# **Exhibit A**

## Blalock, Michael

| | |
|---|---|
| **From:** | Mitchell, Matthew |
| **Sent:** | Sunday, April 29, 2012 10:00 PM |
| **To:** | Blalock, Michael |
| **Subject:** | FW: Casey v Nationstar Mortgage, LLC CM#20188-Protected from Disclosure by FRE 408 (Response Required) |

**From:** Gary Nitzkin [mailto:gary@creditor-law.com]
**Sent:** Monday, April 16, 2012 1:01 PM
**To:** Mitchell, Matthew
**Cc:** Gottlieb, Richard; Walls, Samantha; Julie Lamanna
**Subject:** RE: Casey v Nationstar Mortgage, LLC CM#20188-Protected from Disclosure by FRE 408 (Response Required)

Your email accurate reflects our agreement.

Very truly yours,



Gary Nitzkin
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
gary@micreditlawyer.com

Follow our blog at www.micreditlawyerblog.com

**From:** Mitchell, Matthew [mailto:MMitchell@dykema.com]
**Sent:** Monday, April 16, 2012 12:54 PM
**To:** Gary Nitzkin
**Cc:** Gottlieb, Richard; Walls, Samantha
**Subject:** RE: Casey v Nationstar Mortgage, LLC CM#20188-Protected from Disclosure by FRE 408 (Response Required)

Gary:

This e-mail confirms our conversation a few moments ago as well as plaintiff's agreement to settle and dismiss this matter as to Nationstar for the sum of $9,000. The parties anticipate executing a written agreement memorializing their settlement, a draft of which we will provide to you. Note that I will be on paternity leave beginning Wednesday for approximately 2-3 weeks. In my absence, I have asked Samantha Walls (copied on this e-mail), another attorney in our

1

Bloomfield Office, to begin preparing a draft settlement agreement. If something urgent and unexpected comes up in my absence, please contact Samantha, who can contact me if need be through my assistant.

Please confirm via response e-mail that this accurately reflects the parties' agreement and, given the settlement, that Nationstar does not need to respond to pending discovery from your client, including requests for admission. .

Matt Mitchell
**Dykema**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-2820
Phone: 248-203-0542
Fax: 248-203-0763
mmitchell@dykema.com
www.dykema.com

---

**From:** Gary Nitzkin [mailto:gary@creditor-law.com]
**Sent:** Monday, April 16, 2012 12:09 PM
**To:** Mitchell, Matthew
**Subject:** Casey v Nationstar Mortgage, LLC CM#20188;

Dear Matt:

We had spoken last week about settling the case for $9,000. I had expected to hear back from you, although you were on baby watch last week. Are we settling or not? Did you have the baby yet?

Thank you.

Very truly yours,



Gary Nitzkin
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
gary@micreditlawyer.com

Follow our blog at www.micreditlawyerblog.com

*** Notice from Dykema Gossett PLLC: To comply with U.S. Treasury regulations, we advise you that any discussion of Federal tax issues in this communication was not intended or written to be used, and cannot be used, by any person (i) for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to another party any matter addressed herein. This Internet

message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message. DYKEMA

# Exhibit B

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by and between Robert Casey ("Casey") and Nationstar Mortgage, LLC ("Nationstar"). In the remainder of this Agreement, Casey and Nationstar may be referred to individually as a "Party" or collectively as the "Parties." This Agreement is entered into for the purpose of resolving by compromise certain disputes pursuant to the terms provided. The Parties are executing this Agreement with respect to the following matters:

### II. RECITALS

A. A dispute (the "Dispute") exists between the Parties concerning, among other things, allegedly improper credit reporting information that Casey claims was furnished by Nationstar to the consumer reporting agencies to which Nationstar furnishes credit reporting information.

B. On or about February 3, 2012, Casey commenced an action in the United States District Court for the Eastern District Court of Michigan, Southern Division, Case No. 12-cv-10467, against Nationstar, alleging claims for negligent violation of the Fair Credit Reporting Act (Count I) and willful violation of the Fair Credit Reporting Act (Count II) (the "Litigation").

C. Nationstar filed its answer in the Litigation denying liability and raising various affirmative defenses.

D. Nationstar has denied and continues to deny that it violated any legal duties or that it has any liability to Casey on any of his claims.

E. The Parties acknowledge and agree that any judicial determination of the viability of Plaintiffs' claims in the Litigation would necessitate the expenditure of significant additional attorneys fees and other litigation costs by Casey and by Nationstar.

F. The Parties, without in any way conceding the validity or sufficiency of any claim or contention, agree to settle the Dispute and the Litigation pursuant to the following terms.

### III. AGREEMENTS

NOW THEREFORE, in consideration of the foregoing and of the promises and mutual covenants contained herein, and other valuable consideration the sufficiency of which is acknowledged, the Parties agree as follows:

A. **Release**. Casey, on behalf of himself and his family, heirs, survivors, devisees, beneficiaries, children, descendants, parents, grandparents, brothers, sisters, grandchildren, dependents, personal representatives, executors, administrators, conservators, guardians, next of friends, ~~attorneys~~, subrogees, successors, agents and assigns, jointly and severally, hereby unconditionally and irrevocably remises, releases, forever discharges, and covenants not to sue Nationstar and its past, present, and future parents, related corporations, subsidiaries, divisions,

affiliates, sister companies, directors, officers, board members, employees, representatives, shareholders, attorneys, agents, predecessors, successors, subrogees, representatives, and assigns (collectively, the "Releasees") from any and all manner of claims, actions, causes of action, rights, charges, suits, damages, debts, demands, judgments, contracts, obligations, grievances, attorneys' fees, or any and all other liabilities of any nature whatsoever, whether in law or in equity, known or unknown, seen or unforeseen, which they ever had, now have or hereafter can, shall or may have, by reason of or arising out of any matter, fact, cause, act, or event occurring or existing on or prior to the date of this Agreement, including but not limited to those arising out of the matters alleged and claims asserted in connection with the Dispute and the Litigation.

B.   **Dismissal of Litigation**.   ~~Simultaneously with the signing of this Agreement~~Upon receipt of the Settlement Payment referred to below, Casey agrees to dismiss the Litigation with prejudice and without costs to any party.  The Parties' counsel shall execute the Stipulation and Order to Dismiss attached as Exhibit A to this Agreement simultaneously with the Parties' execution of this Agreement.

C.   **Settlement Payment**.   Within 14 business days after Nationstar receives (i) a properly executed Agreement, (ii) a properly executed Stipulated and Order to Dismiss, and (iii) a properly executed W-9 for Casey, Nationstar will pay or cause to be paid to Casey $9,000 by ~~check made payable to "Robert Casey."~~the sum of $9,000 payable to Michigan Consumer Credit Lawyers.  Such check will be delivered to Casey's counsel, Gary D. Nitzkin, Nitzkin & Associates, 22142 West Nine Mile Road, Southfield, Michigan 48033.  Time is strictly of the essence.  Nationstar's failure to timely deliver these funds shall be deemed a material breach of this agreement and shall void it altogether.

## IV.  OTHER AGREEMENTS

A.   **Intention of the Parties**.   It is the intention of the Parties that this Agreement shall be effective as a full and final accord and release of each and every matter specifically or generally referred to.  The Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Dispute and the Litigation, but it is their intention to fully and finally and forever settle and release any and all matters, disputes and differences known or unknown, suspected or unsuspected, which do now exist, may exist or heretofore have existed between them with respect to any acts or failure to act on the part of Nationstar.  In furtherance of this intention, the release by Casey shall be, and will remain, in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different facts.

B.   **Non-Waiver**.   Nothing in this Agreement shall be deemed or construed as a modification, waiver, or release of any alleged obligation owed by Casey to Nationstar, including any obligation owed under any note, mortgage, contract, agreement, security instrument, or other instrument that Casey now has or may have in the future that is not specifically and expressly modified, waiver or released in this Agreement.

C.   **Credit Reporting**.   ~~By signing this Agreement, Casey acknowledges and agrees that Nationstar has fulfilled its obligations to Casey concerning credit reporting, and that no further action by Nationstar is contemplated or required.~~  Nationstar shall remove any credit

2

reporting with respect to any trade line related to any debt or alleged debt owed by Casey from any and all credit reporting agencies.

D. **No Admission of Wrongdoing**. This Agreement effects a settlement of claims that are disputed. This Agreement is a compromise of a dispute resulting from arms-length negotiations conducted by counsel for the Parties with the Parties' full approval and consent and is entered into for the purpose of avoiding the expense and/or burden of litigation. Nothing in this Agreement is to be construed as an admission of liability on the part of that party, by whom liability is expressly denied.

E. **Costs**. Each Party shall bear its own costs in connection with the Dispute, the Litigation, and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees. Casey agrees that he is responsible for paying his attorney fees to Gary D. Nitzkin, and Casey agrees to defend, indemnify and hold Nationstar harmless if Gary D. Nitzkin or his law firm, Nitzkin & Associates, asserts any claim for attorneys' fees in connection with the matters released herein. In further consideration of the payment set forth in this Agreement, counsel for Casey and his firm release all claims for attorneys' or other liens against Nationstar and its counsel in connection with the settlement of the Litigation. In executing this Agreement Casey's counsel, Gary D. Nitzkin, represents and certifies that no other person is entitled to any sum for attorneys' fees in connection with the Litigation and agrees to defend, indemnify and hold Company harmless if any person or firm asserts any claim for attorneys' fees in connection with the matters released herein.

F.E. **Confidentiality**. Casey agrees that the terms of this Agreement shall remain confidential and shall not be disclosed to anyone not a party to this Agreement, other than legal and accounting professionals who are or may be retained by any of the Parties, and who will also be instructed by the Parties to adhere to the same confidentiality agreement, and except to the extent such disclosure is expressly agreed to in writing by the nondisclosing party or is otherwise required by law or the Court. Notwithstanding the foregoi**ng, the Parties** may disclose the terms of this Agreement to a regulatory agency if requested by such agency. The Parties, and their respective counsel, agree to maintain the confidentiality of any information not otherwise in the public domain provided by any other Party during the settlement of this matter, and will further maintain the confidentiality of statements made and acts taken during the negotiation of this Agreement.

Should the Parties or their attorneys receive notice of a legal proceeding in which the court is requested to order the Parties or their attorneys to disclose any matter covered by this Confidentiality Provision, the Parties and their attorneys agree to give immediate notice to counsel for the Parties, and to duly advise such court of the terms of this Confidentiality Provision and the interest of the Parties in this Confidentiality Provision.

G.F. **No Assignment Of Claims**. Casey represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

H.G. **Covenant Not To Sue**. Casey covenants that he will not hereafter sue or participate as a party in any suit against the Releasees identified in Paragraph III.A. of this

3

**Formatted:** Font: Bold, Underline

Agreement arising out of or in connection with any claim or facts now existing (or which may hereafter accrue by reason of any existing facts) whether known or unknown, saving and excepting from this covenant only the right of Casey to enforce his rights under the provisions of this Agreement.

~~I.      **Breach**. This Agreement shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to the Agreement, and in any such action this Agreement may be pled by the parties to this Agreement. both as a defense and as a counter-claim or cross-claim in such action. It is further agreed that, in addition to any other remedies for breach of this Agreement, a party shall be entitled to equitable relief for breach of this Agreement.~~

~~J.      **Binding on Successors**.   This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators. executors. legal representatives. heirs, assignees, successors. agents and assigns of the Parties hereto.~~

~~K.~~H.      **Entire Agreement**.  This Agreement constitutes the entire agreement between the parties and supersedes any prior understandings, agreements, or representations by or among the parties, written or oral, to the extent they relate in any way to the subject matter hereof.  The recitals hereto are a material part hereof and are incorporated in this Agreement by reference as if fully set forth herein.

~~L.~~I.      **Construction**.     The Parties acknowledge, understand, and agree that this Agreement is the product of negotiations between the Parties and their respective legal counsel, and that through counsel the Parties have contributed to the content of this Agreement. Accordingly, the Parties agree that any otherwise applicable legal rule of contract construction requiring ambiguities in this Agreement to be construed against the drafter thereof will not be applicable in any dispute regarding any terms of this Agreement.

~~M.~~J.      **Governing Law**.  This Agreement shall be deemed to have been executed and delivered within the State of Michigan and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the laws of the State of Michigan without regard to the principle of conflict of laws.

~~N.~~K.      **Severability**.  If any provision of this Agreement is declared or determined by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected and said illegal or invalid provision shall be deemed not to be a part of this Agreement.

~~O.~~L.      **No Oral Modification**. The Parties understand and agree that nothing contained herein may be changed or modified except with the prior written consent of all Parties, such consent to be contained in a written agreement, signed by all Parties, which expressly references this Agreement.

~~P.~~M.      **Cooperation**.  The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the terms and intent of this Agreement that are not inconsistent with its terms.

4

Q.N. **Counterparts**. This Agreement may be executed in one or more counterparts, and by separate Parties on separate counterparts, all of which shall constitute one and the same agreement. Each counterpart shall be deemed to be an original. All counterparts shall constitute but a single Agreement. Facsimile or electronic signatures shall be effective as original signatures.

R.O. **Headings**. The paragraph headings in this Agreement are for convenience and reference only and shall not be deemed to alter or affect the provisions thereof.

S.P. **Tax Implications**. Plaintiffs acknowledge and agree that (i) Defendants may report any payments/compensation/debt forgiveness made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) Plaintiffs are solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement; and (iii) that Defendants have made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement

~~CASEY ACKNOWLEDGES THAT HE HAS HAD SUFFICIENT TIME TO REVIEW~~

~~THIS AGREEMENT AND HAS CAREFULLY READ AND UNDERSTOOD ITS~~

~~CONTENTS. HE HAS HAD THE FULL OPPORTUNITY TO CONSULT WITH AN~~

~~ATTORNEY REGARDING ITS TERMS. CASEY ACKNOWLEDGES THAT HE IS~~

~~KNOWINGLY AND VOLUNTARILY SIGNING THIS AGREEMENT WITH FULL~~

~~KNOWLEDGE OF ITS TERMS.~~

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

5

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.

_____    _____
Robert Casey                          Dated

Nationstar Mortgage, LLC

_____    _____
                                              Dated

By _____

Its: _____

~~The undersigned represents that he is one of the attorneys for Casey. In that capacity, he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.~~

~~Date:_____~~    _____
~~_____ Gary D. Nitzkin~~

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CASEY,

        Plaintiff,

                                  Civil Action No. 12-cv-10467

v.

                                  Hon. Patrick J. Duggan

EXPERIAN INFORMATION SOLUTIONS,
INC., a foreign corporation, EQUIFAX           Mag. Judge Mark A. Randon
INFORMATION SERVICES LLC, a foreign
corporation, and NATIONSTAR
MORTGAGE, LLC, a foreign corporation,
jointly and severally,

        Defendants.

---

## <u>STIPULATED ORDER OF DISMISSAL WITH PREJUDICE</u>

The parties, Plaintiff Robert Casey and Defendant Nationstar Mortgage, LLC, having

stipulated to the entry of this Order, and the Court, being otherwise advised in the premises:

IT IS HEREBY ORDERED that plaintiff Robert Casey's claims against defendant

Nationstar Mortgage, LLC <u>only</u> are dismissed with prejudice and without costs to any party.

This Order does not resolve the last pending claim and does not close the case.

Dated: _____

                                   _____
                                   Hon. Patrick J. Duggan

**STIPULATIONS:**

---

By: _____      By: _____
Gary D. Nitzkin (P41155)              Matthew Mitchell (P69810)
**NITZKIN & ASSOCIATES**            Samantha L. Walls (P75727)
Attorneys for Plaintiff                Attorneys for Nationstar Mortgage, LLC
22142 West nine Mile Road           **DYKEMA GOSSETT PLLC**
Southfield, MI 48033                 39577 Woodward Avenue, Suite 300
(248) 353-2882                      Bloomfield Hills, MI 48304
gnitzkin@creditor-law.com         (248) 203-0542/(248) 203-0817
                                   swalls@dykema.com

---

7

8

# Exhibit C

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by and between Robert Casey ("Casey") and Nationstar Mortgage, LLC ("Nationstar"). In the remainder of this Agreement, Casey and Nationstar may be referred to individually as a "Party" or collectively as the "Parties." This Agreement is entered into for the purpose of resolving by compromise certain disputes pursuant to the terms provided. The Parties are executing this Agreement with respect to the following matters:

### II. RECITALS

A. A dispute (the "Dispute") exists between the Parties concerning, among other things, allegedly improper credit reporting information that Casey claims was furnished by Nationstar to the consumer reporting agencies to which Nationstar furnishes credit reporting information.

B. On or about February 3, 2012, Casey commenced an action in the United States District Court for the Eastern District Court of Michigan, Southern Division, Case No. 12-cv-10467, against Nationstar, alleging claims for negligent violation of the Fair Credit Reporting Act (Count I) and willful violation of the Fair Credit Reporting Act (Count II) (the "Litigation").

C. Nationstar filed its answer in the Litigation denying liability and raising various affirmative defenses.

D. Nationstar has denied and continues to deny that it violated any legal duties or that it has any liability to Casey on any of his claims.

E. The Parties acknowledge and agree that any judicial determination of the viability of Plaintiffs' claims in the Litigation would necessitate the expenditure of significant additional attorneys fees and other litigation costs by Casey and by Nationstar.

F. The Parties, without in any way conceding the validity or sufficiency of any claim or contention, agree to settle the Dispute and the Litigation pursuant to the following terms.

### III. AGREEMENTS

NOW THEREFORE, in consideration of the foregoing and of the promises and mutual covenants contained herein, and other valuable consideration the sufficiency of which is acknowledged, the Parties agree as follows:

A. **Release**. Casey, on behalf of himself and his family, heirs, survivors, devisees, beneficiaries, children, descendants, parents, grandparents, brothers, sisters, grandchildren, dependents, personal representatives, executors, administrators, conservators, guardians, next of friends, , subrogees, successors, agents and assigns, jointly and severally, hereby unconditionally and irrevocably remises, releases, forever discharges, and covenants not to sue Nationstar and its past, present, and future parents, related corporations, subsidiaries, divisions, affiliates, sister

companies, directors, officers, board members, employees, representatives, shareholders, attorneys, agents, predecessors, successors, subrogees, representatives, and assigns (collectively, the "Releasees") from any and all manner of claims, actions, causes of action, rights, charges, suits, damages, debts, demands, judgments, contracts, obligations, grievances, attorneys' fees, or any and all other liabilities of any nature whatsoever, whether in law or in equity, known or unknown, seen or unforeseen, which they ever had, now have or hereafter can, shall or may have, by reason of or arising out of any matter, fact, cause, act, or event occurring or existing on or prior to the date of this Agreement, including but not limited to those arising out of the matters alleged and claims asserted in connection with the Dispute and the Litigation.

     B.    **Dismissal of Litigation**.  Upon receipt of the Settlement Payment referred to belowSimultaneously with the signing of this Agreement, Casey agrees to dismiss the Litigation with prejudice and without costs to any party. The Parties' counsel shall execute the Stipulation and Order to Dismiss attached as Exhibit A to this Agreement simultaneously with the Parties' execution of this Agreement.

     C.    **Settlement Payment**.  Within 14 business days after Nationstar receives (i) a properly executed Agreement, (ii) a properly executed Stipulated and Order to Dismiss, and (iii) a properly executed W-9 for Michigan Consumer Credit Lawyers, Nationstar will pay or cause to be paid to Casey the sum of $9,000 payable to Michigan Consumer Credit Lawyers. Such check will be delivered to Casey's counsel, Gary D. Nitzkin, Nitzkin & Associates, 22142 West Nine Mile Road, Southfield, Michigan 48033. Time is strictly of the essence. Nationstar's failure to timely deliver these funds shall be deemed a material breach of this agreement and shall void it altogether.

## IV. **OTHER AGREEMENTS**

     A.    **Intention of the Parties**.  It is the intention of the Parties that this Agreement shall be effective as a full and final accord and release of each and every matter specifically or generally referred to. The Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Dispute and the Litigation, but it is their intention to fully and finally and forever settle and release any and all matters, disputes and differences known or unknown, suspected or unsuspected, which do now exist, may exist or heretofore have existed between them with respect to any acts or failure to act on the part of Nationstar. In furtherance of this intention, the release by Casey shall be, and will remain, in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different facts.

     B.    **Non-Waiver**.  Nothing in this Agreement shall be deemed or construed as a modification, waiver, or release of any alleged obligation owed by Casey to Nationstar, including any obligation owed under any note, mortgage, contract, agreement, security instrument, or other instrument that Casey now has or may have in the future that is not specifically and expressly modified, waiver or released in this Agreement.

     C.    **Credit Reporting**.

D. ~~Nationstar shall remove any credit reporting with respect to any trade line related to any debt or alleged debt owed by Casey from any and all credit reporting agencies.~~

~~C.~~E. ~~By signing this Agreement, Casey acknowledges and agrees that Nationstar has fulfilled its obligations to Casey concerning credit reporting, and that no further action by Nationstar is contemplated or required.~~

~~D.~~F. **No Admission of Wrongdoing**. This Agreement effects a settlement of claims that are disputed. This Agreement is a compromise of a dispute resulting from arms-length negotiations conducted by counsel for the Parties with the Parties' full approval and consent and is entered into for the purpose of avoiding the expense and/or burden of litigation. Nothing in this Agreement is to be construed as an admission of liability on the part of that party, by whom liability is expressly denied.

~~E.~~ **Costs**. Each Party shall bear its own costs in connection with the Dispute, the Litigation, and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees. Casey agrees that he is responsible for paying his attorney fees to Gary D. Nitzkin~~, and Casey agrees to defend, indemnify and hold Nationstar harmless if Gary D. Nitzkin or his law firm, Nitzkin & Associates, asserts any claim for attorneys' fees in connection with the matters released herein. In further consideration of the payment set forth in this Agreement, counsel for Casey and his firm release all claims for attorneys' or other liens against Nationstar and its counsel in connection with the settlement of the Litigation. In executing this Agreement, Casey's counsel, Gary D. Nitzkin, represents and certifies that no other person is entitled to any sum for attorneys' fees in connection with the Litigation and agrees to defend, indemnify and hold Company harmless if any person or firm asserts any claim for attorneys' fees in connection with the matters released herein.~~

~~F.~~G. **Confidentiality**. Casey agrees that the terms of this Agreement shall remain confidential and shall not be disclosed to anyone not a party to this Agreement, other than legal and accounting professionals who are or may be retained by any of the Parties, and who will also be instructed by the Parties to adhere **to the same conf**identiality agreement, and except to the extent such disclosure is expressly agreed to in writing by the nondisclosing party or is otherwise required by law or the Court. Notwithstanding the foregoing, the Parties may disclose the terms of this Agreement to a regulatory agency if requested by such agency. The Parties, and their respective counsel, agree to maintain the confidentiality of any information not otherwise in the public domain provided by any other Party during the settlement of this matter, and will further maintain the confidentiality of statements made and acts taken during the negotiation of this Agreement.

~~Should the Parties or their attorneys receive notice of a legal proceeding in which the court is requested to order the Parties or their attorneys to disclose any matter covered by this Confidentiality Provision, the Parties and their attorneys agree to give immediate notice to counsel for the Parties, and to duly advise such court of the terms of this Confidentiality Provision and the interest of the Parties in this Confidentiality Provision.~~

3

G.H.   **No Assignment Of Claims**.  Casey represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

H.I.   **Covenant Not To Sue**.  Casey covenants that he will not hereafter sue or participate as a party in any suit against the Releasees identified in Paragraph III.A. of this Agreement arising out of or in connection with any claim or facts now existing (or which may hereafter accrue by reason of any existing facts) whether known or unknown, saving and excepting from this covenant only the right of Casey to enforce his rights under the provisions of this Agreement.

I.   ~~**Breach**.  This Agreement shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to the Agreement, and in any such action this Agreement may be pled by the parties to this Agreement, both as a defense and as a counter-claim or cross-claim in such action.  It is further agreed that, in addition to any other remedies for breach of this Agreement, a party shall be entitled to equitable relief for breach of this Agreement.~~

J.   ~~**Binding on Successors**.  This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the Parties hereto.~~

K.J.   **Entire Agreement**.  This Agreement constitutes the entire agreement between the parties and supersedes any prior understandings, agreements, or representations by or among the parties, written or oral, to the extent they relate in any way to the subject matter hereof.  The recitals hereto are a material part hereof and are incorporated in this Agreement by reference as if fully set forth herein.

L.K.   **Construction**.  The Parties acknowledge, understand, and agree that this Agreement is the product of negotiations between the Parties and their respective legal counsel, and that through counsel the Parties have contributed to the content of this Agreement. Accordingly, the Parties agree that any otherwise applicable legal rule of contract construction requiring ambiguities in this Agreement to be construed against the drafter thereof will not be applicable in any dispute regarding any terms of this Agreement.

M.L.   **Governing Law**.  This Agreement shall be deemed to have been executed and delivered within the State of Michigan and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the laws of the State of Michigan without regard to the principle of conflict of laws.

N.M.   **Severability**.  If any provision of this Agreement is declared or determined by a court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected and said illegal or invalid provision shall be deemed not to be a part of this Agreement.

O.N.   **No Oral Modification**.  The Parties understand and agree that nothing contained herein may be changed or modified except with the prior written consent of all Parties, such

4

consent to be contained in a written agreement, signed by all Parties, which expressly references this Agreement.

P.O. **Cooperation**. The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the terms and intent of this Agreement that are not inconsistent with its terms.

Q.P. **Counterparts**. This Agreement may be executed in one or more counterparts, and by separate Parties on separate counterparts, all of which shall constitute one and the same agreement. Each counterpart shall be deemed to be an original. All counterparts shall constitute but a single Agreement. Facsimile or electronic signatures shall be effective as original signatures.

R.Q. **Headings**. The paragraph headings in this Agreement are for convenience and reference only and shall not be deemed to alter or affect the provisions thereof.

S.R. **Tax Implications**. Plaintiffs acknowledge and agree that (i) Defendants may report any payments/compensation/debt forgiveness made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) Plaintiffs are solely responsible for determining and satisfying any tax liability resulting from any payments made pursuant to this Agreement; and (iii) that Defendants have made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement

~~CASEY ACKNOWLEDGES THAT HE HAS HAD SUFFICIENT TIME TO REVIEW THIS AGREEMENT AND HAS CAREFULLY READ AND UNDERSTOOD ITS CONTENTS. HE HAS HAD THE FULL OPPORTUNITY TO CONSULT WITH AN ATTORNEY REGARDING ITS TERMS. CASEY ACKNOWLEDGES THAT HE IS KNOWINGLY AND VOLUNTARILY SIGNING THIS AGREEMENT WITH FULL KNOWLEDGE OF ITS TERMS.~~

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

5

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set

forth below.

```
_____
Robert Casey                      Dated
```

Nationstar Mortgage, LLC

```
_____
                                  Dated

By _____

Its: _____
```

~~The undersigned represents that he is one of the attorneys for Casey. In that capacity, he has reviewed and hereby approves the form of the foregoing Agreement, and agrees (to the extent applicable) to be bound thereby.~~

~~Date: _____~~
~~_____~~
~~Gary D. Nitzkin~~

6